UNITED ELECTRIC RAILWAYS COMPANY *vs.* CITY OF CRANSTON *et al.*

FEBRUARY 26, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is a petition of the United Electric Railways Company, a public utility engaged in the transportation of passengers and freight, and operating a street railway over a highway bridge in Park avenue in the city of

Cranston, which said bridge carries said highway over the private right of way of New York, Providence and Boston Railroad Company, now operated by its successor, The New York, New Haven and Hartford Railroad Company. The petition alleges that the provisions of the charter of said New York, Providence and Boston Railroad Company require it to construct and maintain said bridge in a manner and in a condition satisfactory to said city of Cranston; that said bridge has become unsafe for public travel and that petitioner has been unable to agree with the city of Cranston, which is bound by law to maintain said bridge, or with said The New York, New Haven and Hartford Railroad Company, as to the character of repair or reconstruction required to be done upon said bridge, or as to the equitable apportionment of the expense of such repair or reconstruction between the petitioner and the city of Cranston and The New York, New Haven and Hartford Railroad Company.

The petition is addressed to the Public Utilities Commission and makes application to said Commission, under the provisions of Section 53 of Chapter 795 of the Public Laws of 1912, asking that the city of Cranston and The New York, New Haven and Hartford Railroad Company be required to make answer to the petition and that after due hearing said Commission make such orders as it shall deem necessary in the interest of public safety for the repair, strengthening or reconstruction of said bridge and determine, in accordance with the principles stated in said Section 53, the portion of the expense of such repair, strengthening or reconstruction to be borne by the petitioner. After a hearing the Commission found that the wooden portion of the bridge was unsafe and made the following order: "First: That The New York, New Haven and Hartford Railroad Company proceed immediately to repair, strengthen and reconstruct the Park Avenue Bridge over its right of way, in the City of Cranston in such manner as to permit the location of two street railway tracks over said bridge and in accordance with the plan marked Exhibit 4 in this petition.

"Second: That the United Electric Railways Company upon the completion of the work described in the first paragraph of this order, shall forthwith pay to said The New York, New Haven and Hartford Railroad Company, the sum of $776.51, found by the Commission to be the equitable portion of the cost of such repair, strengthening or reconstruction which should be borne by the said United Electric Railways Company.

"Third: That The New York, New Haven and Hartford Railroad Company shall be responsible for the maintenance of said bridge structure and surface.

"Fourth: That the United Electric Railways Company shall in each calendar year make payment to The New York, New Haven and Hartford Railroad Company of a sum equal to twenty-five per centum of the actual cost of maintenance costs of the bridge, which is found by the Commission to be the equitable portion of the cost of maintenance of the reconstructed portion of said bridge which should be borne by the said United Electric Railways Company.

"Fifth: That the United Electric Railways Company shall, when making repairs to its rails or other street railway structures, bear its entire expense of replacing materials removed for the purpose of making such repairs."

The cause is before us on the appeal of The New York, New Haven and Hartford Railroad Company from said order. The petition for appeal alleges four grounds: First, that the Public Utilities Commission is without authority or jurisdiction to order The New York, New Haven and Hartford Railroad Company to repair, strengthen and reconstruct said bridge so as to permit the location of two street railway tracks over the bridge; Second, that the Commission is without jurisdiction in law to issue any order with regard to such repairing, strengthening and reconstructing of said bridge against The New York, New Haven and Hartford Railroad Company; Third, under the law the petitioner, United Electric Railways Company, is obliged by law to maintain so much of the bridge structure

as is included within its rails and eighteen inches outside of its rails; Fourth, that said order of the said Commission is a violation of said The New York, New Haven and Hartford Railroad Company's constitutional rights.

At the time of the original construction of the steam railroad in the first half of the last century, Park avenue at this place was at grade with the surrounding country and the railroad could have crossed Park avenue at grade but, in order to avoid a grade crossing, the grade of Park avenue was raised at this location and Park avenue was carried over the railroad by a bridge, so-called. The bridge, which was in existence in 1882, continued in existence until 1906, when the present structure was erected. During that period, or for a considerable portion of it until now, a street railway has been operating over the bridge by a single line of track. On the second day of August, 1922, United Electric Railways Company was granted permission by the Public Utilities Commission to lay an additional track across Park Avenue Bridge.

The respondent railroad company contends that Section 2 of an act entitled, "An Act to Relieve the United Electric Railways Company from Certain Paving and Other Obligations", passed May 5, 1920, casts upon the Railways Company the entire burden of maintaining in good order and repair that portion of the surface of the bridge occupied by the Railways Company and eighteen inches outside of any of its rails and that the Commission had no authority to order the respondent railroad to bear any part of the expense of said portion of the surface of the bridge. Said Section 2 provides in part as follows: "The United Electric Railways Company shall be liable to keep and maintain in good order and repair, including paving and repaving whenever and wherever necessary, that portion of any street or highway occupied by its railroad and eighteen inches outside of any of its rails, and any such street or highway between two parallel tracks measuring not more than forty-two inches between the nearest rails, in order that such streets and

highways may be safe and convenient for travellers with their teams, carts, carriages, vehicles and animals at all times, and the extent of such liability shall not be varied". The question is whether the surface of Park avenue bridge should be deemed, within the purview of said Section 2 to be a part of Park avenue highway. The Railways Company contends that, inasmuch as said Section 2 fails to mention bridges in connection with streets and highways, said section places upon the Railways Company no obligation to repair bridges.

A brief history of the legislation in question and the practice of the Railways Company and its predecessors in complying with the statute will be helpful. The act incorporating the Elmwood Horse Railroad Company, a predecessor of the Railways Company, was passed June 3, 1864. Section 6 of the act provided as follows: "Said corporation shall put all streets and highways, and every portion thereof, over or through which they shall lay any rails in as good condition as they were before the same were laid, and they shall keep and maintain and repair such portions of the streets and highways as shall be occupied by their tracks," etc. The Union Railroad Company, a successor to the Elmwood Horse Railroad Company, executed with the city of Cranston in 1893 a franchise agreement by which said company was permitted to operate its cars in streets and highways and obliged to maintain and keep in proper order and repair the roadway between the car tracks and eighteen inches outside the rails. At about the same time was passed Chapter 1209 of the Public Laws of 1893, Section 3 of which provided that: "Every corporation which maintains or uses railroad tracks in any street or highway in any town or city in this state, shall be liable to keep and maintain in good order and repair, including paving and repaving whenever and wherever necessary, that portion of any street or highway occupied by its railroad and eighteen inches outside of any of its rails, in order that such streets and highways may be safe and convenient for travellers with their teams, carts and carriages at all times", etc.

This section became Section 22, Chapter 215 of the General Laws of 1909, now Sec. 13, Chap. 251, G. L. 1923, and the legislature in 1920 passed the act, above quoted from, entitled "An Act to Relieve the United Electric Railways Company from Certain Paving and Other Obligations."

It appears that ever since the railroad tracks have been upon this bridge the Railways Company and its predecessors maintained the portion of the surface of the bridge between the northerly rail and the northerly side of the southerly sidewalk of the bridge and that the respondent railroad company has maintained that portion of the bridge northerly of the Railways Company's northerly rail. This arrangement was a matter of convenience. The respondent railroad company's maintenance of the eighteen inches of surface to the north of the Railways Company's northerly rail was in consideration of the Railways Company's maintenance of all of the portion of the surface of the bridge between its southerly rail and the northerly line of the southerly sidewalk.

The predecessors of the Railways Company and the Railways Company itself, until recently, considered that the surface of the bridge was a part of Park avenue highway and that they owed a duty fixed by said franchise agreement and imposed by statute to repair the surface of the bridge as well as the other portions of Park avenue occupied by the railroad. Neither the Railways Company nor any of its predecessors has been given specific authority to construct a railroad track across this bridge. In no one of the underlying charters, franchise agreements or in the charter of the United Electric Railways Company is the right given to operate or maintain a railway on a bridge. The only right given was to maintain and operate in streets and highways and unless the surface of the bridge is deemed to be a part of Park avenue highway the Railways Company and its predecessors have used the bridge without authority. The legislature, probably with full knowledge of the construction placed upon the act in question by all of the parties interested, has at least twice amended the statute requiring

street railroad companies to repair that portion of streets and highways occupied by the railroad and eighteen inches outside of each rail, etc.

Of course the Railways Company is not bound to maintain any portion of the main structure of the bridge except to meet the expense, as provided in said Section 53, of repairing, strengthening and reconstruction of the bridge necessitated by the extra burden cast thereon by the Railways Company's use of the bridge. We think that the construction was correct which was long ago placed by all of the parties here interested upon the statute requiring corporations, maintaining and using railroad tracks in streets and highways, to keep in good order and repair the portion of the surface of the street or highway occupied by the railroad and eighteen inches outside of any of its rails and that Section 2 of the said act passed May 5, 1920, requires the Railways Company to maintain the surface and deck planking of that portion of the bridge occupied by the railroad and eighteen inches outside of any of its rails and also that portion of the surface and deck planking of the bridge between the tracks, if a parallel track is so constructed that the distance between the nearest rails of the two tracks is not more than forty-two inches. See *Selectmen* v. *B. & A. R. R. Co.*, 210 Mass. 229.

While the Public Utilities Commission had no authority to order the respondent railroad to bear any portion of the burden imposed by Section 2 of said Act, passed May 5, 1920, upon the Railways Company, we think the legislature in passing said Chapter 795 of the Public Laws of 1912, conferred upon the Commission jurisdiction to issue an order, after a proper hearing, requiring the respondent railroad to perform its legal duty as to repairing, strengthening and reconstructing said bridge so as to make it safe and convenient for ordinary use, and also to repair, strengthen or reconstruct the framework of the bridge so as to permit the location thereon of two street car tracks: Provided, of course, that the respondent railroad is entitled to be reimbursed by the Railways Company for such part of the repairs, strengthening or reconstruction as is required by the

Railways Company's use of the bridge. The duty of the respondent railroad company to maintain the bridge, except in so far as said railroad company has been relieved of this duty, is a continuing one and the burden may become more onerous with the changing needs of the public. See *Briden v. N. Y., N. H. & H. R. R. Co.*, 27 R. I. 569, and cases cited. The duty of keeping the bridge in repair was imposed upon the respondent railroad by the original charter authorizing the construction of a railroad over or under Park avenue. Said charter was granted in 1832, and amended in 1846 by the Rhode Island legislature. In addition to the very broad general powers in furtherance of public convenience and safety conferred by said Chapter 795 upon the Commission, Section 50 of said chapter authorizes the Commission, upon a finding that the "plant or equipment of any public utility is inadequate, insufficient, or unsuited to the public needs," to order that repairs, improvements, changes, additions, alterations or extensions to such equipment be made. This bridge is part of the plant and equipment of the respondent railroad company.

The order appealed from is reversed in so far as it directs the respondent railroad company to bear the expense of maintaining and to be responsible for the maintenance of that portion of the surface and deck planking of the bridge occupied by the Railways Company and eighteen inches outside of any of its rails and any portion of the surface and deck planking of the bridge between the tracks, if a parallel track is so constructed that the distance between the nearest rails of the two tracks is not more than forty-two inches.

The parties are directed to appear on the sixth day of March, 1925, to be heard upon the question as to the form of order which should be entered transmitting the cause to the Public Utilities Commission.

*Eugene J. Phillips*, for N. Y., N. H. & H. R. R. Co., appellant.

*Clifford Whipple, Alonzo R. Williams*, for United Electric Railways Co., appellee.